**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RODNEY TOWNES, FRED WILLIAMS, and WILLIE CAMPBELL,<br><br>Plaintiffs,<br><br>v.<br><br>VILLAGE OF MAYWOOD, and OFFICER OCHOA, OFFICER CAJIGAS, OFFICER EARLEY, and OFFICER G. MARTINEZ<br><br>Defendants. | Case No:<br><br>Judge:<br><br>**JURY TRIAL DEMANDED** |

**CIVIL COMPLAINT**

Plaintiffs Rodney Townes, Willie Campbell, and Fred Williams, by and through their attorneys at First Defense Legal Aid, bring this Complaint against Defendants VILLAGE OF MAYWOOD and MAYWOOD POLICE OFFICERS OCHOA, CAJIGAS, EARLEY, and G. MARTINEZ, and in support thereof state the following:

**INTRODUCTION**

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiffs' rights under the Constitution of the United States.

2. On September 15, 2023, Plaintiffs were driving to work only to be stopped by police who proceeded to seize them at gunpoint and humiliate them on the public way.

3. Defendant Officers' needless, traumatizing, and unreasonable searches, seizures, and uses of force were completely unnecessary and came after officers received a report of non-violent unlawful activity on the highway by individuals in a completely different make and model of car.

4. Defendant Officers' conduct caused lasting injury to Plaintiffs.

5. Plaintiffs Rodney Townes, Fred Williams, and Willie Campbell now bring this lawsuit to seek justice and accountability.

## **JURISDICTION AND VENUE**

6. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); and the Constitution of the United States. Further, this Court has supplemental jurisdiction under 28 U.S.C. §1367(a) over claims arising under Illinois state law.

7. Venue is appropriate under 28 U.S.C. § 1391(b), as on information and belief all defendants reside in this judicial district. In addition, a substantial part of the events giving rise to this claim occurred in this judicial district.

## **PARTIES**

8. Plaintiff Rodney Townes (hereinafter "Plaintiff Townes") is a United States Citizen who at all times mentioned herein resided in the Northern District of Illinois. He works professionally assisting individuals experiencing addiction and mental health issues.

9. Plaintiff Fred Williams (hereinafter "Plaintiff Williams") is a United States Citizen who at all times mentioned herein resided in the Northern District of Illinois. He works as a facilities manager for the campus of a local nonprofit.

10. Plaintiff Willie Campbell (hereinafter "Plaintiff Campbell") is a United States Citizen who at all times mentioned herein resided in the Northern District of Illinois. He is a retired bus driver whose occupation is construction, particularly building and rehabbing houses.

11. Defendant Village of Maywood (hereinafter "Defendant Village") is, and at all times mentioned herein was, a municipality organized and operating under the statutes of the State of Illinois. It is authorized under the statutes of the State of Illinois to maintain the Maywood Police Department, which acts as the Village's agent in the areas of municipal law enforcement, and for which the Village is ultimately responsible. Defendant Village was at all times material to this Complaint the employer and principal of the Individual Defendants.

12. Maywood Police Officers Ochoa, Cajigas, Earley, and G. Martinez were at all times relevant to this Complaint duly appointed and sworn law enforcement officers of the Village of Maywood, which was and is their principal and employer. They are referred to collectively herein as "Defendant Officers."

13. At all times relevant herein, Defendant Officers were acting in the scope of their employment and under color of state law.

14. Defendant Officers are sued in their individual capacities.

## FACTS

15. At or about 10am on September 15, 2023, IKE-911, dispatch for the Village of Maywood, received a report of a car whose occupants were throwing items out of the windows on Interstate 290.

16. Dispatch was subsequently informed by the caller that the occupants of the vehicle exited the expressway, and that some of them were picked up by a Silver Chevrolet Suburban. Dispatch informed Defendant Officers of the make and model of the car.

17. Plaintiffs were, at this time, driving through Maywood on their way to work in Chicago.

18. Plaintiffs were not in a Chevrolet Suburban, and their vehicle was not silver.

19. Similarly, the occupants of the Chevrolet Suburban were juveniles.

20. Each Plaintiff in this action is approximately 50 years-old or older.

21. Defendant Officers, responding to the Chevrolet Suburban call, signaled for Plaintiffs to stop their vehicle on Madison street in Maywood, and Plaintiffs immediately complied.

22. Defendant Officer Earley, Defendant Officer Ochoa, Defendant Cajigas, and other Defendant Officers surrounded the vehicle with their squad cars.

23. Defendants Ochoa, Cajigas, and Earley drew their weapons and pointed them at the occupants at the car.

24. Specifically, after pulling over, Defendant Officer Ochoa quickly exited her squad car with firearm drawn and forced Plaintiff Townes from the right rear passenger seat of the vehicle despite the fact that Plaintiff Townes complied with her commands to stick his hands out of the front passenger window.

25. Once he was out of the car, Defendant Ochoa verbally threatened Plaintiff Townes' life and forced him to lay down on the sidewalk pavement, dirtying his work clothing.

26. Defendant Cajigas assisted Defendant Ochoa in forcing Plaintiff Townes to lie on the pavement.

27. While in the process of forcing Plaintiff Townes to the pavement, Defendant Officer Ochoa also directed her weapon towards Plaintiff Williams as he was forced by Defendant Cajigas to lay on the pavement.

28. Plaintiff Townes feared for his life when Defendant Officer Ochoa threatened his life and aggressively pointed her weapon at him.

29. Defendant Officer Ochoa then handcuffed Plaintiff Townes and forced him to the back of her police vehicle without air conditioning on in the September sun.

30. Plaintiff Townes was not fleeing or attempting to flee at this time.

31. Plaintiff Townes was not a threat to the safety of Defendant Officer Ochoa, Defendant Officer Cajigas, any other Officer, nor any other person at this time.

32. Plaintiff Townes was not suspected of a serious crime at this time.

33. Plaintiff Townes was not resisting arrest at this time.

34. Defendant Officer Ochoa searched Plaintiff Townes' person without reasonable suspicion or probable cause.

35. At the same time as Defendant Officer Ochoa had approached the vehicle with her weapon drawn on the occupants, Defendant Officer Cajigas approached the vehicle with his weapon drawn on the occupants.

36. Under threat of deadly force, with his gun drawn and pointed, Defendant Officer Cajigas ordered Plaintiff Williams out of the car, and Plaintiff complied.

37. Defendant Officer Cajigas ordered Plaintiff Williams to the pavement, and subsequently handcuffed him without lawful justification.

38. Defendant Officer Ochoa was pointing her weapon in the direction of Plaintiff Williams at this time.

39. Plaintiff Williams was not fleeing or attempting to flee at this time.

40. Plaintiff Williams was not a threat to the safety of Defendant Officer Cajigas, Defendant Officer Ochoa, any other Officer, nor any other person at this time.

41. Plaintiff Williams was not suspected of a serious crime at this time.

42. Plaintiff Williams was not resisting arrest at this time.

43. Defendant Officer Cajigas and Defendant Officer G. Martinez then searched the person of Plaintiff Williams without reasonable suspicion or probable cause.

44. Around the same time as Defendant Officers Cajigas and Ochoa approached the vehicle with their weapons drawn, upon leaving *his* squad car, Defendant Officer Earley approached the vehicle with his gun pointed at Plaintiff Campbell.

45. Despite the fact that Plaintiff Campbell complied with all of Defendant Officer Earley's commands, Defendant Officer Earley removed Plaintiff Campbell from the vehicle and threw him into the back of a car.

46. Plaintiff Campbell informed Defendant Officer Earley that he had just had surgery on his abdomen and that Defendant Officer Earley was risking further injury.

47. Nonetheless, Defendant Officer Earley slammed Plaintiff Campbell to the pavement in reckless and malicious disregard for his health, and subsequently handcuffed him without lawful justification.

48. Plaintiff Campbell was recovering from abdominal surgery at the time and the act of being forced onto the pavement aggravated his recent surgery, extended his healing process, and caused a new hospitalization.

49. Plaintiff Campbell was not fleeing or attempting to flee at this time.

50. Plaintiff Campbell was not a threat to the safety of Defendant Officer Earley, any Officer, nor any other person at this time.

51. Plaintiff Campbell was not suspected of a serious crime at this time.

52. Plaintiff Campbell was not resisting arrest at this time.

53. Defendant Officer Earley searched the person of Plaintiff Campbell without reasonable suspicion or probable cause.

54. Plaintiff Townes suffered physical injury, emotional distress, humiliation, mental anguish, financial loss, and loss of liberty, among other injuries, as a result of Defendant Officers' actions.

55. Plaintiff Williams suffered physical injury, emotional distress, humiliation, mental anguish, loss of liberty, and pain and suffering, among other injuries, as a result of Defendant Officers' actions.

56. Plaintiff Campbell suffered physical injury, emotional distress, humiliation, mental anguish, loss of liberty, and pain and suffering, among other injuries, as a result of Defendant Officers' actions.

**COUNT I: 42 U.S.C. § 1983 - UNREASONABLE SEIZURE**
**By All Plaintiffs Against Defendant Officers**
**(Federal Claim)**

57. Plaintiffs realleges paragraphs 1-56 as though fully set forth herein.

58. On September 15, 2023, Defendant Officers unreasonably seized the three 50+ year-old Plaintiffs by pulling them over and surrounding their vehicle, guns drawn, while investigating a non-violent crime committed by juvenile offenders in a car of completely different make and model.

59. Defendant Officers did not have reasonable suspicion or probable cause to believe that Plaintiffs had committed, were committing, or were about to commit any offense, traffic or otherwise.

60. Defendant Officers subsequently handcuffed Plaintiffs, forcing them to the pavement and then searching them.

61. Each Plaintiff was then forced into a police car by Defendant Officers.

62. Defendant Officers eventually released Plaintiffs after the unnecessary, aggressive, and unlawful detention, and Plaintiffs were not charged with any crimes or traffic infractions.

63. Defendant Officers conduct towards Plaintiffs was objectively unreasonable and in violation of Plaintiffs' Fourth Amendment rights.

64. The conduct of Defendant Officers in unreasonably seizing the vehicle and its occupants, handcuffing and pointing guns at Plaintiffs, searching them, and placing them in the back of police cars directly and proximately caused Plaintiffs to suffer, without limitation, humiliation, emotional distress, mental anguish, financial loss, violation of bodily integrity, damage to reputation, and loss of liberty.

65. The misconduct described in this Count was willful and wanton and undertaken with malice, willfulness, and reckless indifference and conscious disregard for Plaintiffs' rights and safety.

66. Defendant Officers were acting under color of state law and in the scope of their employment at all times material to this Complaint.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor, and against Defendant Officers, for compensatory damages, punitive damages, nominal damages, declaratory relief, attorney's fees and costs, pre-judgment interest, and any other relief that the Court deems just and equitable.

## COUNT II: 42 U.S.C. § 1983 - UNREASONABLE SEARCHES
## By All Plaintiffs Against Defendant Officers
## (Federal Claim)

67. Plaintiffs reallege paragraphs 1-56 as though fully set forth herein.

68. On September 15, 2023, Defendant Officers wrongfully searched Plaintiffs' persons without probable cause or lawful justification.

69. Plaintiffs had not committed, were not committing, nor were about to commit any offense, traffic or otherwise, and a reasonable officer would not have believed that they had, were, or would.

70. Defendant Officers found no contraband, weapons, or illegal items on any Plaintiff's person, or in their vehicle.

71. The conduct of Defendant Officers directly and proximately caused Plaintiffs to suffer, without limitation, humiliation, emotional distress, mental anguish, financial loss, violation of bodily integrity, damage to reputation, and loss of liberty.

72. The misconduct described in this Count was willful and wanton and undertaken with malice, willfulness, and reckless indifference and conscious disregard for Plaintiffs' rights and safety.

73. Defendant Officers were acting under color of state law and in the scope of their employment at all times material to this Complaint.

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in their favor, and against Defendant Officers, for compensatory damages, punitive

damages, nominal damages, declaratory relief, attorney's fees and costs, pre-judgment interest, and any other relief that the Court deems just and equitable.

**<u>COUNT III: 42 U.S.C. § 1983 - EXCESSIVE FORCE</u>**
**By All Plaintiffs Against Defendant Officers Earley, Cajigas, and Ochoa**
**(Federal Claim)**

74. Plaintiffs re-allege paragraphs 1-56 as though fully set forth herein.

75. Defendants Earley, Cajigas, and Ochoa used excessive force against Plaintiffs when they needlessly and aggressively pointed guns at them—a threat of deadly force—causing them to fear for their lives.

76. Also, Defendant Officer Earley grabbed the compliant Plaintiff Campbell from the driver's seat of the car and threw him against the rear of a car despite the fact that Plaintiff Campbell had committed no crime and that there was no probable cause or reasonable suspicion that he had committed a crime.

77. After Plaintiff Campbell informed Defendant Officer Earley that he had just had surgery on his abdomen, Defendant Officer Earley nonetheless slammed Plaintiff Campbell to the ground, exacerbating his injuries.

78. Plaintiffs were not committing or suspected of committing a serious crime at the time of the excessive force.

79. Plaintiffs were not fleeing or attempting to flee the scene at the time of the excessive force.

80. Plaintiffs were not a threat to the safety of Defendant Officers or any other individuals at the time of the excessive force.

81. Plaintiffs were not resisting arrest at the time of the excessive force.

82. It is objectively unreasonable to point firearms at individuals without reasonable suspicion or probable cause to believe that they had committed, were committing, or were about to commit any crime or traffic offense.

83. Defendant Officer Ochoa at one point shouted, in sum, "show me your hands or you'll get shot" to Plaintiff Townes while Plaintiff Townes was being compliant and of no threat to that officer or anyone else.

84. The conduct of these Defendant Officers directly and proximately caused Plaintiffs to suffer, without limitation, pain and suffering, humiliation, emotional distress, mental anguish, financial loss, violation of bodily integrity, damage to reputation, and loss of liberty.

85. The misconduct described in this Count was willful and wanton and undertaken with malice, willfulness, and reckless indifference and conscious disregard for Plaintiffs' rights and safety.

86. These Defendant Officers were acting under color of state law and in the scope of their employment at all times material to this Complaint.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor, and against Defendant Officers Ochoa, Cajigas, and Earley, for compensatory damages, punitive damages, nominal damages, declaratory relief, attorney's fees and costs, pre-judgment interest, and any other relief that the Court deems just and equitable.

## COUNT IV: 42 U.S.C. §1983 - FAILURE TO INTERVENE

**By All Plaintiffs Against Defendant Officers**
**(Federal Claim)**

87. Plaintiffs re-alleges paragraphs 1-56 as though fully set forth herein.

88. Defendant Officers were present and failed to intervene to stop the unreasonable violations of Plaintiffs' liberty, bodily integrity, and emotional well-being that were unsupported by reasonable suspicion or probable cause.

89. Defendant Officers had a reasonable opportunity to intervene and prevent the unreasonable uses of force, seizure, and searches against Plaintiffs. Each of the Defendant Officers failed to take even the most basic action to stop the violations of Plaintiffs' rights.

90. The conduct of Defendant Officers directly and proximately caused Plaintiffs to suffer, without limitation, pain and suffering, humiliation, emotional distress, mental anguish, financial loss, violation of bodily integrity, damage to reputation, and loss of liberty.

91. The misconduct described in this Count was willful and wanton and undertaken with malice, willfulness, and reckless indifference and conscious disregard for Plaintiffs' rights and safety.

92. Defendant Officers were acting under color of state law and in the scope of their employment at all times material to this Complaint.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor, and against Defendant Officers, for compensatory damages, punitive

damages, nominal damages, declaratory relief, attorney's fees and costs, pre-judgment interest, and any other relief that the Court deems just and equitable.

**COUNT V: ASSAULT**
**By All Plaintiffs Against Defendant Officers Earley, Cajigas, and Ochoa (State Law Claim)**

93. Plaintiffs re-allege paragraphs 1-56 as though fully set forth herein.

94. Defendant Officers Earley, Cajigas, and Ochoa drew their weapons and pointed them at Plaintiffs without lawful justification.

95. The conduct of these Defendant Officers caused Plaintiffs to perceive an imminent battery.

96. The conduct of these Defendant Officers directly and proximately caused Plaintiffs to suffer, without limitation, pain and suffering, humiliation, emotional distress, mental anguish, financial loss, violation of bodily integrity, damage to reputation, and loss of liberty.

97. The misconduct described in this Count was willful and wanton and undertaken with malice, willfulness, and reckless indifference and conscious disregard for Plaintiffs' rights and safety.

98. These Defendant Officers were acting under color of state law and in the scope of their employment at all times material to this Complaint.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor, and against Defendant Officers, for compensatory damages, punitive damages, nominal damages, declaratory relief, pre-judgment interest, and any other relief that the Court deems just and equitable.

**COUNT VI: Battery**
**By All Plaintiffs Against Defendant Officers**
**(State Law Claim)**

99. Plaintiffs re-allege paragraphs 1-56 as though fully set forth herein.

100. Without the consent of Plaintiffs, Defendant Officers intentionally, harmfully, and offensively touched them.

101. Plaintiffs were damaged by these intentional and unauthorized touchings.

102. The conduct of Defendant Officers directly and proximately caused Plaintiffs to suffer, without limitation, pain and suffering, humiliation, emotional distress, mental anguish, financial loss, violation of bodily integrity, damage to reputation, and loss of liberty.

103. The misconduct described in this Count was willful and wanton and undertaken with malice, willfulness, and reckless indifference and conscious disregard for Plaintiffs' rights and safety.

104. Defendant Officers were acting under color of state law and in the scope of their employment at all times material to this Complaint.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor, and against Defendant Officers, for compensatory damages, punitive damages, nominal damages, declaratory relief, pre-judgment interest, and any other relief that the Court deems just and equitable.

**COUNT VII: *Respondeat Superior***
**By All Plaintiffs Against Defendant Village**
**(State Law Claim)**

105. Plaintiffs re-allege paragraphs 1-56 as though fully set forth herein.

106. Defendants Officers, at the time they assaulted and battered Plaintiffs, were acting as agents of their employer, the Village of Maywood.

107. These Defendant Officers' unlawful acts occurred in the scope of their employment.

108. The Village of Maywood is liable for the acts of its agents and employees conducted within the scope of their employment, and is therefore liable for these Defendant Officers' Assault and Battery of Plaintiffs.

109. The actions of these Defendant Officers, employees and agents of Defendant Village, directly and proximately caused Plaintiffs injuries which include, without limitation, pain and suffering, humiliation, emotional distress, mental anguish, financial loss, violation of bodily integrity, damage to reputation, and loss of liberty

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor, and against Defendant Village, for compensatory damages, punitive damages, nominal damages, declaratory relief, pre-judgment interest, and any other relief that the Court deems just and equitable.

**COUNT VIII: 745 ILCS 10/9-102 - INDEMNIFICATION**
**By All Plaintiffs Against Defendant Village**
**(State Law Claim)**

110. Plaintiffs re-allege paragraphs 1-56 as though fully set forth herein.

111. Defendant Officers committed the acts alleged above while acting under color of state law, while on duty, and within the scope of their employment at the Village of Maywood.

112. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

113. As a direct and proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiffs suffered injuries which include, without limitation, pain and suffering, humiliation, emotional distress, mental anguish, financial loss, violation of bodily integrity, damage to reputation, and loss of liberty.

WHEREFORE, should Defendant Officers be found liable for any of the claims alleged in this Complaint, Plaintiff respectfully requests that this court enter judgment in their favor ordering, pursuant to 745 ILCS 10/9-102, that the Village of Maywood pay to Plaintiffs any judgment obtained against Defendant Officers, including pre-judgment interest.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ Daniel E. Massoglia

*One of Plaintiff's Attorneys*

Daniel Massoglia
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org